UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEGGY CANNAMORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:22 CV 235 CDP |
| | ) |
| FAMILY DOLLAR SERVICES, LLC, | ) |
| d/b/a Family Dollar, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This newly removed case is before me on my review for federal subject-matter jurisdiction. Plaintiff Peggy Cannamore filed this action in the Circuit Court of St. Louis County, Missouri, alleging that she suffered personal injuries from a fall on the premises of a store owned by defendant Family Dollar Services, LLC. Family Dollar removed the action to this Court on February 24, 2022, invoking federal diversity jurisdiction under 28 U.S.C. § 1332.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332

requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938).  The district court may also look to the Notice of Removal to determine its jurisdiction.  28 U.S.C. § 1446(c)(2)(A).  The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016).  All doubts about federal jurisdiction must be resolved in favor of remand.  *Id.*

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332(a).  When the plaintiff's state-court petition does not state the amount in controversy, the defendant's Notice of Removal may do so.  28 U.S.C. § 1446(c)(2)(A).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*."  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014) (emphasis added).  "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.* at 554.  In response to such an inquiry, the defendant must prove the requisite amount by a preponderance of the evidence.  *James Neff*

*Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).

Here, the state-court petition alleges only that, in August 2021, Cannamore slipped and fell because of a liquid substance on defendant's floor, causing her to "suffer injuries." She claims that she has endured "pain and suffering, mental and emotional anguish, loss of enjoyment of life, medical expenses, and lost wages" and will incur future medical expenses. The petition does not state a specific amount of damages and pleads only the state-court jurisdictional minimum of a sum greater than $25,000. In its Notice of Removal, defendant contends only that these "detailed" allegations are sufficient for its "good faith estimate" that the amount in controversy exceeds $75,000. I disagree. The face of the petition does not state the type or extent of plaintiff's injuries, the type or extent of related medical treatment, how long she was unable to work, or whether she remains unable to work. With these barebones allegations, I question whether the amount in controversy has been met. State-court petitions that seek an unspecified amount of damages do not establish damages in excess of the jurisdictional amount. *Cf. Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011).

Because I am unable to discern from either the petition or the Notice of Removal whether the amount in controversy meets the jurisdictional threshold for diversity jurisdiction, I will give defendant until March 7, 2022, to supplement its Notice with sufficient evidence for me to find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Plaintiff Cannamore may file an

opposition to defendant's supplemental Notice or file a motion for remand no later than March 14, 2022.  No additional briefing or a hearing will be permitted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Family Dollar Services, LLC, shall show cause in writing no later than **March 7, 2022**, why this case should not be remanded for lack of subject-matter jurisdiction by supplementing its Notice of Removal as set out above.

**IT IS FURTHER ORDERED** that plaintiff Peggy Cannamore may file an opposition to defendant's supplemental Notice of Removal and/or a motion to remand no later than **March 14, 2022**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2022.